PER CURIAM.
In this appeal from a final judgment pursuant to a jury verdict of guilty of possession of narcotic drugs, to wit: heroin, the appellant’s counsel has injected a race issue which we think is not supported by the record.
The police officers were investigating a burglary of a seafood market in Jacksonville, Florida, and in seeing a Dodge convertible leaving a seafood market with three occupants therein, the officers started pursuit. While the officers did not have any probable cause to stop the Dodge at first, the driver of the Dodge started speeding, getting up to as much as 85 m. p. h., which gave the officers probable cause to stop the car and arrest the driver. After the arrest, the officers saw some shrimp in the trunk of the car and placed the appellant and the other occupant of the Dodge car under arrest for burglary and auto theft. About this time the appellant appeared to become excited and attempted to turn about, a struggle between the officers and the appellant ensued. A small matchbox fell from the appellant’s pants or belt, it was picked up by an officer and found to contain 14 decks of heroin.
Appellant contends that the search was illegal and that the trial court was in error in not suppressing the matchbox of heroin.
*551 We cannot agree with the appellant. While the officers may have been over zealous at the beginning of the incident which led to the arrest for a traffic violation, insofar as the search of the appellant was concerned, the search was perfectly legal. The contraband fell from the appellant’s clothing in front of the officers. No personal search was necessary.
The other point raised by appellant was without merit.
The search being legal, the trial court was correct in denying the motion to suppress.
Affirmed.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.